IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0506-CV-W-ODS |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his application for widower's benefits under the Social Security Act. After reviewing the Record and the parties' briefs, the Court reverses the Commissioner's final decision denying benefits and remands for further proceedings.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted as the Defendant in this case. Fed. R. Civ. P. 25(d)(1).

The Court's discussion is limited to the issue to be addressed on remand. Plaintiff was interviewed by an operative from the field office, during which Plaintiff indicated he was receiving disability benefits from the Veteran's Administration ("VA"). R. at 68. There is another fleeting reference to the fact that Plaintiff was receiving these benefits, R. at 139, but otherwise the Record contains no information about these benefits. Critically, the issue was not addressed by the ALJ in reaching his decision.

"[F]indings of disability by other federal agencies, even though they are not binding on the ALJ, are entitled to some weight and must be considered in the ALJ's decision." Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998). There are numerous decisions upholding the denial of Social Security benefits despite the claimant's receipt of VA benefits, but in all such cases the VA's decision was discussed and the Commissioner presented acceptable reasons for arriving at a different decision. In this case, there was no discussion.

The Commissioner contends Plaintiff bore the responsibility of providing medical evidence demonstrating he is disabled. This is true; however, the ALJ is obligated to develop the Record even when the claimant is represented by counsel. E.g., Weber v. Barnhart, 348 F.3d 723, 725 (8th Cir. 2003). This is not a case in which the Record was completely silent about relevant information. The Record revealed the existence of relevant but absent information, and this revelation triggered the ALJ's obligation to fully develop the Record by gathering the absent information.

The Commissioner's final decision denying benefits is reversed, and the matter is remanded for further proceedings. On remand, the Record should be reopened to allow Plaintiff an opportunity to present information about the VA's decision, and the ALJ should reconsider the matter in light of any information that is added to the Record.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: May 23, 2007                    UNITED STATES DISTRICT COURT

2